**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

ANTHONY JASON VERALDI            Case No. 8:23-bk-03080-CPM
Debtor                                                            Chapter 7

_____/

DEBORAH HICKMAN and ROBERT
HICKMAN,
Plaintiff,

v.                              Adv. Proc. No. 8:23-ap-00185-CPM

ANTHONY JASON VERALDI,
Defendant.

_____/

## MOTION TO DISMISS ADVERSARY PROCEEDING

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 N. Florida Ave., Ste. 555, Tampa, FL 33602 within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Defendant, by and through the undersigned counsel, in response to Plaintiff's *Objection to Discharge of Debt Due to Deborah and Robert Hickman* (Doc. No. 1) (the "Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this *Motion to Dismiss Adversary Proceeding*. In support thereof, Defendant states as follows:

1. Plaintiff, DEBORAH HICKMAN and ROBERT HICKMAN (collectively "HICKMAN"), filed this adversary proceeding alleging that the debt owed to Plaintiff, as scheduled by Defendant in bankruptcy case 8:23-bk-03080-CPM, should be nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6).

2. The party challenging the dischargeability of a debt bears the burden of proving that there was a false pretense, a false representation, or actual fraud.[1]

3. Exceptions to discharge are to be strictly construed against the plaintiff and liberally in favor of the defendant.[2]

4. While legal conclusions can form the framework for a complaint, they must be supported by factual allegations that create a reasonable inference of wrongdoing above the speculative level, known as the plausibility standard.[3]

5. The plausibility standard requires more than a sheer possibility the defendant acted unlawfully. When a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.' "[4]

6. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — that the pleader is entitled to relief."[5]

---

[1] *Hennessy Cadillac, Inc. v. Green (In re Green)*, 5 B.R. 247, 250 (Bankr. N.D. Ga. 1980) (Robinson, Jr., W.).

[2] *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986).

[3] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 – 5 (2007).

[4] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)).

[5] *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

**Failure to State a Cause of Action under 11 U.S.C. § 523(a)(2)(A)**

7. To prevail under 11 U.S.C. § 523(a)(2)(A), a plaintiff must demonstrate each of the following elements by a preponderance of the evidence: (i) the defendant made a materially false representation, (ii) at the time the representation was made the defendant knew it to be false, (iii) the representation was made with intent to deceive the plaintiff, (iv) the plaintiff relied on the defendant's representation, and (v) the plaintiff sustained damages as a result of the defendant's representation.[6]

8. Plaintiff has failed to prove each and every element. The failure to sufficiently plead even one component is detrimental and the court "need not address the other elements."[7]

9. Plaintiff purchased, as-is, a 20-year-old, used work truck, with over 200,000 miles on it from Defendant.

10. Plaintiff's Compliant alleges that Defendant stated "the truck was in excellent mechanical condition" and that when asked is there were any known oil leaks, Defendant stated "no, no issues, the truck is dependable and ready to work."[8]

11. After purchasing the vehicle, Plaintiff had it serviced twice at a Ford dealership. Attached to the complaint is the service tech's reports, which detail the only issues with the vehicle being that it needed new front tires, some of the electrical wiring was worn and needed to be replaced, the steering wheel was not original, and the engine had some oil leaks. Nothing in the report states that the vehicle is inoperable or should not be driven.

---

[6] *AT&T Universal Card Servs. Corp. v. Acker (In re Acker)*, 207 B.R. 12, 16 (Bankr. M.D. Fla. 1997) (Proctor, G.).

[7] *In re Landen*, 95 B.R. 826, 829 (Bankr. M.D. Fla. 1989) (Proctor, L.).

[8] Complaint, Para. 6.

12. Even assuming that all of the allegations are true, none of the issues found in the service reports conflict with Defendant's alleged statement regarding the truck's mechanical dependability.

13. Plaintiff alleges that they could not complete their journey home because it was raining and the windshield wipers and some lights were not working properly. Nowhere in the Complaint is it alleged that truck ever broke down or otherwise stranded them due to a mechanical failure.

14. The only alleged statement that conflicts with the service tech's reports has to do with the possibility of the vehicle having an oil leak. However, nowhere in the Complaint is it alleged that at the time the statement was made, Defendant knew it to be false and intended to deceive the Plaintiff. Furthermore, the Complaint does not allege that Plaintiff relied on Defendant's statement nor that they were damaged thereby.

15. Accordingly, the Complaint fails to state a cause of action under 11 U.S.C. § 523(a)(2)(A) and should be dismissed with respect to any claim thereunder.

**Failure to State a Cause of Action under 11 U.S.C. § 523(a)(2)(B)**

16. "Under 11 U.S.C. § 523(a)(2)(B), a debt is non-dischargeable in bankruptcy where it was obtained by a writing: (1) that is materially false; (2) respecting the debtor's or an insider's financial condition; (3) on which the creditor to whom the debt is liable for such money, property, services, or credit reasonably relied; and (4) that the debtor caused to be made or published with the intent to deceive."[9]

---

[9] *In re Miller*, 39 F.3d 301, 304 (11th Cir. 1994).

17. The failure to meet any one of the elements defeats Plaintiff's claim and renders the debt dischargeable.[10]

18. Nothing in the complaint alleges that Defendant issued a written statement to Plaintiff regarding the Defendant's financial condition.

19. Accordingly, the Complaint fails to state a cause of action under 11 U.S.C. § 523(a)(2)(B) and should be dismissed with respect to any claim thereunder.

### Failure to State a Cause of Action under 11 U.S.C. § 523(a)(6)

20. 11 U.S.C. § 523(a)(6) bars the discharge of a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

21. "[P]roof of 'willfulness' requires a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another. A debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury. Recklessly or negligently inflicted injuries are not excepted from discharge under § 523(a)(6)."[11]

22. Nowhere in the Complaint is it alleged that Plaintiff was injured by the Defendant, let alone that Defendant committed any intentional act with the purpose of and substantial certainty to cause said injury.

23. Accordingly, the Complaint fails to state a cause of action under 11 U.S.C. § 523(a)(6) and should be dismissed with respect to any claim thereunder.

---

[10] *Id.*

[11] *In re Jennings*, 670 F.3d 1329, 1334 (11th Cir. 2012) (cleaned up).

WHEREFORE, Defendant requests that this honorable Court enter an order granting this Motion, dismissing the Complaint with prejudice, awarding Defendant attorney's fees and costs, and for any further relief deemed to be fair and just.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on or before December 28, 2023, a true and correct copy of the foregoing was served upon the following parties by CM/ECF electronic mail to: Deborah Hickman at debertlehickman@gmail.com and Robert Hickman at caloosacraftsman@gmail.com.

/s/ Jay Weller
Jay M. Weller, Esq.
Florida Bar No. 985856
WELLER LEGAL GROUP, P.A.
25400 U.S. 19 N., Ste. 150
Clearwater, FL 33763
T: (727) 539-7701
E: jweller@wellerlegalgroup.com